UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Qwame Thomas, individually and on behalf of all others similarly-situated,<br><br>                  Plaintiffs,<br><br>      v.<br><br>Mekruth Inc. d/b/a Amy Ruth's Restaurant, Mitchell Mekles, David Mekles, in their official and individual capacity, and Does 1-50, inclusive,<br><br>                Defendants. | **Civil Action No. 1:19-cv-01566-AJN**<br><br>[Proposed] Class Action and Collective Settlement Agreement |

## SETTLEMENT AGREEMENT AND RELEASE

This [Proposed] Class Action and Collective Action Settlement Agreement (the "Agreement") is made and entered into, by and among Plaintiff Qwame Thomas ("Named Plaintiff" or "Mr. Thomas"), on behalf of himself and the members of a collective and class (collectively, "Plaintiffs") and Mekruth Inc. d/b/a Amy Ruth's Restaurant, Mitchell Mekles, David Mekles, in their official and individual capacity, and Does 1-50 (collectively, "Defendants"). The Named Plaintiff represents the NYLL Class and FLSA Collective for purposes of this Agreement.

## RECITALS

WHEREAS, on or about February 21, 2019, the Named Plaintiff filed this lawsuit captioned *Qwame Thomas, individually and on behalf of all others similarly situated, v. Mekruth Inc. d/b/a Amy Ruth's Restaurant, Mitchell Mekles, David Mekles, in their official and individual capacity, and Does 1-50, inclusive,* in Civil Action No. 1:19-cv-01566-AJN, in the United States District Court for the Southern District of New York (the "Action"); and

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

WHEREAS, Defendants filed an Answer to the Complaint, denying the materials allegations and raising several defenses; and

WHEREAS, in the Action, the Plaintiffs have asserted a number of federal law and state law claims against the Defendants, including: (1) the overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the overtime requirements under New York Labor Law ("NYLL") § 650 *et seq.*; (3) failure to pay compensation at the rate for which Plaintiffs are entitled for hours worked under 40 per week, in violation of the NYLL; (4) the spread of hours and/or split shift requirement under New York State Regulation ("NYCRR"), 12 NYCRR § 142-2.4; and (5) the wage statement and notice requirements of NYLL § 195; and

WHEREAS, after the parties participated in a private mediation which occurred on November 15, 2019; and

WHEREAS, as a result of the November 15, 2019, mediation, the parties were able to negotiate a settlement in principle, subject to the negotiation of a more complete settlement agreement; and

WHEREAS, Defendants have denied any wrongdoing towards any of the Plaintiffs, including with respect to the claims asserted in the Action, have denied that the claims asserted by the Plaintiffs are suitable for collective and/or class treatment other than for settlement purposes, deny that they have any liability whatsoever, but have agreed to this Settlement Agreement solely because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations; and

WHEREAS, The Ottinger Firm, P.C. ("Plaintiffs' Counsel") is aware that Defendants have raised defenses to Plaintiffs' allegations and causes of action on which they might prevail, including the defense that no collective and/or class may be certified, and if Defendants were to

2

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

prevail on their defenses Plaintiffs might not receive any benefit or consideration for the claims that have been asserted in the Action; and

WHEREAS, based on its analysis and evaluation of a number of factors, Plaintiffs' Counsel recognized the substantial risks of continued litigation and delays, including the likelihood that the claims in the Action, if not settled now, might not result in any recovery whatsoever for Plaintiffs or the collective and/or class; and

WHEREAS, Plaintiffs' Counsel has conducted an extensive and thorough study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted in the Action, as well as an extensive and thorough study and investigation of the scope and identity of the collective and class, and has concluded, taking into account the benefits of this Agreement and the risks and delays of further litigation, that this Agreement is fair and reasonable and in the best interests of the Plaintiffs; and

WHEREAS, subject to the approval of the Court, the parties wish to terminate the Action and effect a compromise (the "Settlement");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties that the claims asserted in the Action shall be settled and released, subject to the approval of the Court, upon the subject to the following terms and conditions:

## I.       THE SETTLEMENT COLLECTIVE AND CLASS AND ADMINISTRATION.

1.       There shall be one NYLL Class (the "NYLL Class") that includes all hourly, non-exempt employees of Defendant employed at any time from February 21, 2013, through November 15, 2019.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

2.     There shall be one FLSA Collective (the "Collective") that includes all hourly, non-exempt employees of Defendant employed at any time from February 21, 2016, through November 15, 2019.

3.     Composition of the NYLL Class and the FLSA Collective shall be based exclusively upon Defendants' records.

4.     The parties have mutually selected Settlement Services, Inc., located at PO Drawer 1657, Tallahassee, Florida 32302, as the "Settlement Administrator," in this Action.  The parties agree that the Settlement Administrator shall be an independent contractor and not the agent of any party or any party's counsel.  The fees and expenses charged by the Settlement Administrator will be paid out of the Gross Settlement Fund.

## II.     THE PRELIMINARY APPROVAL ORDER

5.     As soon as practicable after the execution of this Settlement Agreement, the parties shall present this Settlement Agreement to the Court.  The parties will request by joint motion that the Court enter a preliminary approval order, which shall accomplish the following:

     a.   Find that the requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. § 216(b), and any other requirements for certification of the NYLL Class and FLSA Collective have been satisfied and that both the NYLL Class and the FLSA Collective shall be certified;

     b.   Provide that the Settlement's terms shall apply to the Plaintiffs (*i.e.*, the NYLL Class and the FLSA Collective) and the Defendants;

     c.   Preliminarily approve the Agreement as fair, reasonable, and adequate;

     d.   Find that the notice procedure set forth in the Agreement satisfies the requirements of due process and applicable law and procedure;

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

e.   Apprise Plaintiffs of their right to "Opt-out," or object to the Settlement;

f.   Set the time period for submitting a completed Claim Form, Opting-out, or filing objections, such date to be no more than sixty (60) days after the date of mailing the Notice Packet, defined below, to members of the Settlement Class;

g.   Set a date for the hearing at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement (the "Final Fairness Hearing"), such date to be not more than thirty (30) days after the deadline for Class Members to timely submit completed Claim Forms, Opt-out, or file objections;

h.   Appoint Named Plaintiff Mr. Thomas as the Class Representative for the NYLL Class; and

i.   Appoint Mr. Benjamin Weisenberg of The Ottinger Firm, P.C. as class counsel to the NYLL Class.

6.   In the event the Court disapproves or sets aside this Agreement, or any material part hereof, for any reason, then the parties will either jointly agree to accept the Agreement as judicially modified or engage in good faith negotiations in an effort to jointly agree to modify the Agreement for resubmission to the Court for approval.  If such negotiations prove unsuccessful, then any party may declare this Agreement null and void, and the Action will proceed, and the parties will seek a new scheduling order from the Court.  Such declaration shall only be made following fourteen (14) days' notice by such party to the other party of its intention to declare the Agreement null and void.  The parties may agree by stipulation executed by counsel to modifications to this Agreement or the Exhibits hereto to effectuate the purposes of this Agreement and/or to conform to guidance from the Court with regard to the contents of this Agreement or the

5

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

Exhibits hereto without need for further amendments of this Agreement.  Any such stipulation shall be filed with the Court.

## III.   NOTICE

7.   The Class Action Notice and Claim Form (collectively, the "Notice Packet"), shall apprise Plaintiffs of the existence of the Agreement and direct them to a toll-free number for the Settlement Administrator if they have questions about the Settlement.  The Notice Packet shall be available in English, Spanish, and Haitian-Creole.  The Notice Packet shall include the deadline for postmarking the Claim Form and direct Plaintiffs to a website (the "Settlement Website"), to be established and maintained by the Settlement Administrator until the end of the claims period, that will include the Class Action Notice, the Claim Form, and  a copy of this Agreement.  The Notice Packet shall:

a.   Inform recipients that they are a member of the NYLL Class;

b.   Inform recipients that any persons who seek to exclude themselves or "Opt-out" from the NYLL Class must do so in writing, sent by first class mail, by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet;

c.   Inform recipients that if they do not opt out of the NYLL Class, they will be bound by the terms of the Settlement applicable to the NYLL Class;

d.   Inform recipients that they must submit a Claim Form to participate in the FLSA Collective;

e.   Inform Plaintiffs of the deadline by which Claim Forms must be postmarked or submitted online, such date to be determined by the Court, but no more than sixty (60) days after the mailing of the Notice Packet;

6

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

f.   Inform recipients of the material terms of the Settlement Agreement;

g.   Inform recipients of their right to object to the proposed Settlement, and that any objection to the proposed Settlement must be filed with the Court (via the Clerk of the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007) and served upon all counsel of record by first class mail by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet;

h.   Inform Plaintiffs that a Final Fairness Hearing to determine the fairness, reasonableness, and adequacy of the proposed Settlement will be held on a date fixed by the Court not more than thirty (30) days after the deadline for Class Members to timely submit completed Claims Forms, opt-out, or file objections and provide the date, time, and location of the Final Fairness Hearing; and

i.   Inform Plaintiffs that the Court retains the right to reschedule the Final Fairness Hearing without further notice.

The Settlement Website shall also include copies of the Agreement with attachments, relevant pleadings, the Order Granting Preliminary Approval of the Settlement, a Change of Address Form available for any Plaintiff who chooses to notify the Settlement Administrator of a change of address for mailing checks, and a toll-free number for the Settlement Administrator that Plaintiffs can call if they have any questions about the Settlement.  The Settlement Website will include a link to an online Claim Form thorough which claims may be submitted electronically, and any content of such website beyond the description in this paragraph will be subject to mutual agreement of the parties.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

8.      Within twenty-one (21) days of the entry of the Preliminary Approval Order, Defendants will obtain from its records and provide to the Settlement Administrator the last known mailing address and the Social Security number that it possess for each Plaintiff, based on the current or last position held by the Plaintiff, and the total number of pay periods worked by each such Plaintiff.  All such addresses will be run through the National Change of Address ("NCOA") database by the Settlement Administrator to update them before the Notice Packet is sent.  Within thirty (30) days of entry of the Preliminary Approval Order described above, the Settlement Administrator shall mail the Notice Packet by U.S. Mail to each Plaintiff identified by Defendants. The date of the postmark deadline for filing a claim, opting out, or filing an objection shall be printed in the Notice Packet.  After 30 days, the Settlement Administrator shall mail out a reminder notice with a Claim Form to all Plaintiffs who have not yet submitted Claim Forms.  Once the reminder notice is mailed to Plaintiffs, no further notice, whether by mail, publication, or otherwise, shall be required, except that (1) for any notice of return by the U.S. Postal Services with a forwarding address, the Settlement Administrator shall mail the notice to the forwarding address; and (2) if a Plaintiff contacts the Settlement Administrator or Plaintiff's Counsel to request notice, the Settlement Administrator shall comply with such a request so long as the identity of the requesting party matches Defendants' records of Plaintiffs.

9.      Within ten (10) days of the Court granting preliminary approval of this Agreement, the Settlement Administrator will serve or cause to be served upon the appropriate State official of each State in which a Plaintiff resides and the United States Attorney General a notice of the proposed Settlement, in accordance with 28 U.S.C. § 1715, and will file with the Court a notice of compliance with 28 U.S.C. § 1715.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

**IV.   OPT-OUT AND CLAIMS PROCEDURES**

10.    Any Plaintiff shall have the right to be excluded (*i.e.*, to "Opt-out") from the NYLL Class.  On or before the Opt-out deadline established by the Court (but no more than sixty (60) days after the mailing date of the Notice Packet), each Plaintiff electing to Opt-out of the NYLL Class must send by first-class mail written notice addressed to the Settlement Administrator, indicating his or her name and address and that he or she desired to be excluded from the NYLL Class.  Plaintiffs who do not timely (as measured by the postmark on such Plaintiff's written notice) Opt-out of the NYLL Class by written notice correctly directed and containing the requisite information shall remain members of the NYLL Class and shall be bound by any order(s) of the Court regarding the NYYL Class, the terms of the Agreement applicable to the NYLL Class, and/or the Settlement.  The Settlement Administrator shall provide copies of any Opt-out notices to Plaintiffs' Counsel and Defendants' counsel within a reasonable time after receipt of the same by the Settlement Administrator, but no later than fourteen (14) days prior to the Final Fairness Hearing (unless received by the Settlement Administrator after such time, in which event the Settlement Administrator shall immediately forward copies of same to Plaintiffs' Counsel and Defendants' Counsel).

11.    In the event that twenty percent (20%) or more of the total number of Plaintiffs in the Settlement Class elect to Opt-out of the Settlement, Defendant shall have the right, after reasonable consultation with Plaintiffs' counsel, to void the Settlement in its entirety.

12.    Each Plaintiff who wishes to file a claim for payment under the Agreement's FLSA Collective terms must complete and submit to the District Court and/or the Settlement Administrator a completed Claim Form containing the following information:

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

a.  Current name, former name (if different during employment with Defendants), address, telephone number, e-mail address (if applicable), and last for digits of Social Security Number; and

b.  Certification under penalty of perjury that all information on the Claim Form is true and correct.

c.  If an incomplete Claim Form is submitted, the Settlement Administrator may contact the person submitting the Claim Form to ensure, if appropriate, that they may participate in the Settlement.

13.   A completed Claim Form shall include language stating that the Individual Plaintiff Opts-in to the FLSA Collective that has been certified pursuant to 29 U.S.C. § 216(b) and, consequently, a Plaintiff that timely submits a properly completed Claim Form will be deemed to have opted into the FLSA Collective.  Plaintiffs who do not timely submit a properly completed Claim Form, and who are not the Named Plaintiff of Opt-In Plaintiffs who have already caused "Consent to Join," Forms to be filed through the Court's ECF filing system, will not be part of the FLSA Collective.

14.   Completed Claim Forms must be postmarked no later than sixty (60) days after the initial mailing of the Notice Packet, or for Claim Forms bearing a missing or illegible postmark, must be received by the Settlement Administrator no later than seven (7) days after such date.  Any Plaintiff who fails to submit an online Claim Form or postmark a completed Claim Form by such date, or to whom a Claim Form bearing a missing or illegible postmark is not received by the Settlement Administrator within seven (7) days following such date, shall not receive the FLSA Collective Settlement Payment, shall not grant Defendants a release under the FLSA and its related regulations, but will in all other aspects by bound by the terms of the Agreement, including with

10

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

respect to the NYLL release, waivers, and covenants described herein, so long as that Plaintiff has not also "Opt-ed," out of the NYLL Class.  The Named Plaintiff and all other Plaintiffs for whom Opt-in notices (*a.k.a.*, Consent to Join Forms) have already been filed through the Court's ECF filing system shall be deemed to have already Opted-in to the FLSA Collective and do not need to submit a Claim Form.

15.     The Settlement Administrator shall review all complete and timely submitted Claim Forms to determine whether the claims on such Claim Forms qualify for inclusion in the Settlement and to determine the amount of payment to be disbursed pursuant to the Settlement to each Plaintiff submitting a timely Claim form.  If a Claim Form is deficient (for example, if it is incomplete or inaccurate), the Settlement Administrator shall mail the Plaintiff submitting a deficient Claim Form a notice of deficient claim, and such Plaintiff shall have fourteen (14) days from the postmark date of such mailing to cure such deficiency by mailing to the Settlement Administrator a complete and correct Claim Form.  In the event a Plaintiff's 14-day deficiency cure period extends past the deadline to file a completed Claim Form, a Plaintiff will be permitted to submit his or her completed Claim Form after the deadline, provided it is within 14 days from the postmark of the notice of deficiency.

16.     The parties agree to negotiate in good faith to resolve any dispute by a Plaintiff concerning the relief to which that person is entitled under this Agreement ("Dispute").  A Dispute shall be initiated by serving a written notice on Plaintiffs' Counsel (unless the Dispute is initiated on the member's behalf by Plaintiffs' Counsel) and Defendants' Counsel within thirty (30) days of the action and/or inaction giving rise to the Dispute ("Notice of Dispute").  The Notice of Dispute shall include such Plaintiff's name, address, telephone number and a detailed description

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

of the dispute.  Any Dispute that the parties cannot resolve between themselves may be submitted to the Court, which will retain jurisdiction to resolve any such Dispute.

## V.     FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER

17.     The parties agree to petition the Court to hold a Final Fairness Hearing and for the Court to enter an order finally approving the Settlement ("Final Judgment and Order").

18.     Pursuant to 28 U.S.C. § 1715(d), the parties agree that the Final Fairness Hearing shall not be held, and no Final Judgment and Order shall issue, prior to ninety (90) days after completion by Defendants of the notice requirement in 28 U.S.C. § 1715.  The parties further agree that, subject to the Court's schedule, such Final Fairness Hearing will be held within thirty (30) days after the deadline for Class Members to timely submit claim forms, or as soon thereafter as permitted by the Court.

19.     The parties will submit a joint motion for final approval fourteen (14) days prior to the date set by the Court for the Final Fairness Hearing.

20.     The parties intend to seek a Final Judgment and Order that shall:

   a.  Approve the Agreement without modification (except insofar as agreed upon by the parties) as fair, reasonable and adequate to the NYLL Class and FLSA Collective, and direct its consummation according to its terms;

   b.  Find that the form and manner of class notice implemented pursuant to this Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Plaintiffs of the pendency of the Action, the terms of the proposed Settlement, the right to object or exclude themselves from the Settlement, and the right to appear at the Final Fairness Hearing; (iii) constitute due, adequate

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of state and federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c.   Find that all Plaintiffs except those who have properly excluded themselves shall be bound by the Agreement's terms applicable to the NYLL Class;

d.   Find that the Plaintiffs who submitted a Claim Form, or otherwise joined the FLSA Collective, are bound by the Settlement Agreement's terms applicable to the FLSA Collective;

e.   Direct that the judgment be entered immediately dismissing with prejudice all individual, class, and collective claims asserted in the Action and ruling that no costs or fees will be assessed on either party other than those expressly provided for in this Agreement;

f.   Approve payment of the benefits to the NYLL Class and FLSA Collective and the service awards to the Plaintiffs identified in the Agreement, and make any necessary findings with regard to those approvals;

g.   Award Plaintiffs' counsel' requested attorneys' fees and the reimbursement of litigation costs and expenses, and make any necessary finding with regard to such award; and

h.   Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Agreement and the Settlement.

21.   This Agreement shall become effective and be deemed final after the Final Judgment and Order is rendered not subject to any appeal, attempt to re-open the judgment, or request to extend the time to seek an appeal, or, if an appeal had been sought, the expiration of the

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

last of (i) the final disposition of any such appeal and (ii) any further proceedings in the trial court or on subsequent appeal, which ultimate disposition approves the Court's Final Judgment and Order ("Effective Date").

22.     Any objection to the Settlement or petition to intervene in the Action must be in writing, and must include: (1) evidence that the objector or intervenor is a member of the Settlement Class as defined above; (2) a notice of intent to appear at the Final Fairness Hearing; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit (subject to the Federal Rules of Evidence); and (6) a list of any exhibits, any copies of same, which the objector may offer at the Final Fairness Hearing.  Such objection must be filed with the Court (via the Clerk of the United States District Court, Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007) and served upon all counsel of record by first class mail by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet.

23.     No Plaintiff shall be entitled to contest in any way the approval of the terms and conditions of this Agreement or the Final Judgment and Order except by filing and serving written objections in accordance with the provisions of this Settlement Agreement.  Any Plaintiff who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement.  Any Plaintiff who fails to opt out of the NYLL Class in accordance with this Settlement Agreement shall be bound by the terms of this Agreement applicable the NYLL Class.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

## VI.    THE SETTLEMENT FUND

24.    Defendants shall deposit with the Settlement Administrator the settlement amount of One Million Five Hundred Thousand Dollars ($1,500,000) (the "Gross Settlement Fund") within five (5) business days of this Action's Final Judgment and Order becoming effective.  For the purposes of clarity, Defendants are responsible separate and apart from the Gross Settlement Fund for any taxes they may owe as a result of entering into this Settlement Agreement; including but not limited to, any FICA taxes that must be paid as a result of a portion of the Settlement Payments constituting payment of wages.

25.    The Gross Settlement Fund shall be distributed by the Settlement Administrator as follows:

   a.   The "Settlement Payments," as defined herein, to the Plaintiffs.

   b.   The fees and costs of the Settlement Administrator;

   c.   Attorneys' fees and reimbursement of litigation costs to Plaintiffs' counsel, The Ottinger Firm, P.C., in the amount of Five Hundred Thousand Dollars ($500,000) (*i.e.*, one-third of the Settlement Fund);

   d.   A service award of $20,000 to the Named Plaintiff, Qwame Thomas;

   e.   A service award of $10,000 to opt-in Plaintiff Donald Stephens;

   f.   A service award of $10,000 to opt-in Plaintiff Hakeim Persaud;

   g.   A service award of $10,000 to opt-in Plaintiff Thomas Lucas;

   h.   A service award of $1,000 to opt-in Plaintiff Suenly Rijo;

   i.   A service award of $1,000 to opt-in Plaintiff Eladio Rodriguez;

   j.   A service award of $1,000 to opt-in Plaintiff Fitzroy Young;

   k.   A service award of $1,000 to opt-in Plaintiff Dashawn Singleton;

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

l. A service award of $1,000 to opt-in Plaintiff Christian De Los Santos;

m. A service award of $1,000 to opt-in Plaintiff Andre Jones;

n. A service award of $1,000 to opt-in Plaintiff Juan Martinez;

o. A service award of $1,000 to opt-in Plaintiff Wander Maria; and

p. A service award of $1,000 to opt-in Plaintiff Julio Colon.

26. The Settlement Payments shall be paid out of the "Net Settlement Fund," (*i.e.*, $1,500,000 less the items identified in Paragraph 25(b-p) of this Agreement). Fifty percent (50%) of the Net Settlement Fund shall be earmarked as monies for payment to the Settlement Class. Fifty percent (50%) of the Net Settlement Fund shall be earmarked as monies for payment to the Collective.

27. Every member of the Settlement Class shall receive an NYLL Class Settlement Payment unless an Individual Plaintiff properly "Opts-out," of the Settlement Class through the processes and procedures defined in this Settlement Agreement (the "NYLL Class Settlement Payment"). Members of the NYLL Class shall have 180 calendar days after the mailing of the NYLL Class Settlement Payment checks to cash their NYLL Class Settlement Payment check. In the event a NYLL Class member does not cash his or her NYLL Class Settlement Payment check within this 180-day period, their check shall be void and a stop payment will be issued. The remaining value of any and all uncashed or unclaimed NYLL Class Settlment Payment checks shall revert to Defendants after the close of this 180-day period. Notwithstanding the NYLL Class member's failure to cash their NYLL Class Settlement Payment check, the affected NYLL Class member shall be deemed to have irrevocably waived any right in or claim to their NYLL Class Settlement Payment **and** their NYLL Class release of claims shall and will remain binding upon them.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

28.     In addition to the NYLL Class Settlement Payment, each Individual Plaintiff who timely returns a properly completed Claim Form, as well as the Named Plaintiff and those Opt-in Plaintiffs who caused "Consent to Join," Forms to be filed with the Court through the Court's ECF filing system, shall receive a FLSA Collective Settlement Payment.  An Individual Plaintiff who does not timely return a properly completed Claim Form shall not receive a FLSA Collective Payment.

29.     The amount(s) of each Individual Plaintiff's payment(s) shall be calculated by the following formula:

**STEP 1**
*Individual Plaintiff's Penalty Share*
**<u>Individual Plaintiff's Penalty Share Shall Be Calculated As Follows</u>**

( Number of Pay Periods, for payroll periods resulting in a )
( paycheck on or after February 27, 2015, worked by the )
( Individual Plaintiff )
( *divided by* )     *multiplied by* 0.67
( Total Number of Pay Periods, for payroll periods resulting )
( in a paycheck on or after February 27, 2015, worked by the )
( Plaintiffs Receiving Notice )

*plus*

( Number of Pay Periods, for payroll periods resulting in a )
( paycheck before February 27, 2015, worked by the )
( Individual Plaintiff )
( *divided by* )     *multiplied by* 0.33
( Total Number of Pay Periods, for payroll periods resulting )
( in a paycheck before February 27, 2015, worked by the )
( Plaintiffs Receiving Notice )

*with the sum of both calculations multiplied by <u>0.5</u>*

---

**STEP 2**

*Individual Plaintiff's Wage Share*
**<u>Individual Plaintiff's Wage Share Shall Be Calculated As Follows</u>**

17

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

```
(    Number of Pay Periods worked by the Individual Plaintiff    )
(                         divided by                             )
(    Total  Number  of  Pay  Periods  worked  by  the  Plaintiffs   )
(    Receiving Notice                                            )
```

**with the quotient multiplied by** <u>0.5</u>

---

### STEP 3

### *Individual Plaintiff's Total Share*
### <u>The Individual Plaintiff's Total Share Shall Be Calculated As Follows</u>

Individual Plaintiff's Total Share = Individual Plaintiff's Penalty Share + Individual Plaintiff's Wage Share

---

### STEP 4

### *The Monetary Value of an Individual Plaintiff's Total Share*
### <u>The Monetary Value of an Individual's Total Share Shall Be Calculated As Follows</u>

Individual Plaintiff's Total Share * Net Settlement Fund = Monetary Value of an Individual Plaintiff's Total Share

30.     Fifty percent (50%) of the Monetary Value of each Individual Plaintiff's Total Share shall be deemed to be and treated as the NYLL Class Settlement Payment.  The NYLL Class Settlement Payment shall be treated as wage income subject to all appropriate withholdings and a W2 Tax Form shall be issued.

31.     Fifty percent (50%) of the Monetary Value of each Individual Plaintiff's Total Share shall be deemed and treated as the FLSA Collective Payment.  Fifty percent (50%) of the FLSA Collective Payment shall be treated as wage income subject to all appropriate withholdings and a W2 Tax Form shall be issued.  Fifty percent (50%) of the FLSA Collective Payment shall be treated as statutory penalties for which a Tax Form 1099 shall be issued.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

32.     At the close of the 180-day period described above in Paragraph 27, the Settlement Administrator shall determine the total amount of the Net Settlement Fund earmarked for payment to the FLSA Collective that remains outstanding and unpaid (the "Remaining Net Settlement Fund Collective Amount").  The Settlement Administrator shall seek and secure confirmation from both Plaintiffs' counsel and the Defendants' counsel that their accounting of the Remaining Net Settlement Fund Collective Amount is true and correct.  The Settlement Administrator shall then distribute the Remaining Net Settlement Fund Collective Amount to the members of the FLSA Collective on a pro-rata basis.  For the purpose of this Paragraph of the term "pro-rata," shall be determined by each member of the Collective's length of service.

33.     The total of the Settlement Payments due to the Plaintiffs shall not exceed the total of the Net Settlement Fund.  In the event that the total amount of Settlement Payments is calculated to be an amount greater than the Net Settlement Fund, the benefit to each Individual Plaintiff shall be reduced on pro rata basis.

34.     It is expressly understood and agreed between the parties that the Settlement Fund distribution terms as set forth in Paragraph 25(a-p) constitute material and essential terms and are to be included in the Final Order and Judgment entered by the Court.

## VII.     PAYMENT AND DISTRIBUTION

35.     All Settlement Payments to Plaintiffs pursuant to this Settlement Agreement shall be made by the Settlement Administrator by check and delivered by first class mail, postmarked within fourteen (14) days after receipt of the deposit from Defendants identified in Paragraph 24 to the address designated for such Plaintiff by the Settlement Administrator.

36.     The Settlement Administrator shall report the wage portions of the Settlement Payments on an IRS Form W-2 and the nonwage portions of the Settlement Payments on an IRS

19

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

Form 1099.  The wages portions of the Settlement Payments shall be subject to any adjustments, deductions or withholdings for applicable taxes or as otherwise required by federal, state or local law.  The Settlement Administrator shall separately invoice Defendants for the employer share of FICA taxes (or any other taxes) on the wage portions of the Settlement Payments.

37.      Each Plaintiff accepting payment pursuant to this Settlement Agreement agrees that he or she is solely responsible for his or her tax liability under federal, state or local tax laws arising from the payments described herein and agrees to hold harmless and indemnify Defendants in full for any tax obligations, interest, fines or penalties for which Defendants may become liable for such Plaintiff's tax liability for all amounts paid to him or her under the terms of this Settlement Agreement.   Defendants make no representations or warranties, express or implied, to Plaintiffs regarding the tax consequences of the payments herein or their allocation, and Plaintiffs have not relied on any such representation or warranty.  Defendants shall have no further obligation to any Plaintiff with respect to this Action upon the mailing of such payment.   In the event any such payment is returned by the U.S. Postal Service as undeliverable, or is uncashed or non-negotiated prior to its expiration, neither Defendants nor the Settlement Administrator shall have any further obligations to such Plaintiff except that (1) for any check returned by the U.S. Postal Service with a forwarding address prior to the check's expiration date, the Settlement Administrator shall mail the check to the forwarding address; and (2) if a Plaintiff contacts the Settlement Administrator to request a replacement check, the Settlement Administrator shall comply with such a request by cancelling the initial check and issuing a replacement.   However, the replacement check shall expire on the same date as the original check.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

38.     All other disbursements from the Settlement Fund shall be made by the Settlement Administrator within five (5) business days after receipt of the Gross Settlement Fund deposit from Defendants by the Settlement Administrator.

39.     Any amounts remaining in the Net Settlement Fund after the expiration date of all checks issued as Settlement Payments and the distribution of the Remaining Net Settlement Fund Collective Amount shall revert to Defendants.  The parties agree that all Plaintiffs waives and abandon any ownership interest in any undeliverable, returned, uncashed, and/or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, uncashed, and/or non-negotiated checks.

## VIII.   RELEASE AND COVENANT NOT TO SUE

40.     On the Effective Date of this Settlement Agreement, for the benefits and for other good and valuable consideration described and definer in this Agreement, the receipt and sufficiency of which are hereby acknowledged, all Plaintiffs (whether or not they have timely submitted a properly completed Claim Form) who have not timely and properly opted out of the NYLL Class, and their respective current and former spouses (insofar as possessing rights in this Action on behalf of Plaintiffs), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Defendants, their owners, principals, affiliates, parents, subsidiaries, divisions, officers, predecessors, successors, directors, agents, attorneys, insurers, employees and assigns ("Released Parties"), from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action for violations of the New York State Labor Law's wage and hour laws or its related regulations (including but not limited to those arising under the Wage Theft Prevention

21

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

Act, as amended,  the requirements of New York Labor Law Section 195, payment of minimum wages, payment of overtime wages, payment of spread of hours pay, and/or payment of split shift pay) (the "NYLL Class Release").  The NYLL Class Release includes, but is not limited to, claims funder the NYLL for unpaid wages, unpaid overtime, minimum wages, premium pay, interest, liquidated damages, damages, attorneys' fees, costs, injunctive relief, declaratory relief, penalties, and related forms of relief.

41.     On the Effective Date of this Settlement Agreement, for the FLSA Collective benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Named Plaintiff, the Plaintiffs who have caused a Consent to Join Form to be submitted through the Court's ECF Filing System, and the Plaintiffs who have timely and properly submitted a Claim Form shall, and their respective current and former spouses (insofar as possessing rights in this Action on behalf of Plaintiffs), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Defendants, their owners, principals, affiliates, parents, subsidiaries, divisions, officers, predecessors, successors, directors, agents, attorneys, insurers, employees and assigns ("Released Parties"), from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action, for violations of the Fair Labor Standards Act or its related regulations (the "FLSA Collective Release").  The FLSA Collective Release includes, but is not limited to, claims for unpaid wages, unpaid overtime, minimum wages, premium pay, interest, liquidated damages, damages, attorneys' fees, costs, injunctive relief, declaratory relief, penalties, and related forms of relief.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

42.     The release of claims for violations of the federal Fair Labor Standards Act is not intended and shall not be construed to apply to any Plaintiff who fails to timely submit a properly completed Claim Form.  The release of New York Labor Law claims, including claims brought under the Wage Theft Protection Act, with respect to any Plaintiffs who fail to have timely submitted a properly completed Claim Form shall otherwise be in full force and effect, including with respect to wage and hour claims brought on any legal basis other than pursuant to the Fair Labor Standards Act.

43.     The Named Plaintiff, the Opt-in Plaintiffs who have caued a "Consent to Joint, Form to be filed with the Court's ECF filing system, the NYLL Class, and the FLSA Collective further covenant and agree that (a) they will not sue or bring any action or cause of action, including by way of a third party claim, cross claim, or counterclaim, against any of the Released Parties with respect to any claims released by this Agreement; (b) they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties with respect to any claims released by this Agreement; (c) if involuntarily included in a class action against any of the Released Parties with respect to any claims released by this Agreement, Opt-out of the lawsuit to the extent possible; and (d) they will not voluntarily and knowingly assist any third party in initiating or pursuing a class action lawsuit with respect to any claims released by this Agreement.

44.     It is expressly understood and agreed between the parties that the release language in this Settlement Agreement constitutes material and essential terms and are to be included in the Final Order and Judgment entered by the Court.

## IX.     NO ADMISSION OF LIABILITY

45.     This Agreement shall not in any way be construed as an admission by any party, or any of their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions,

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

officers, directors, insurers, agents or employees of any claim.    Defendants, on behalf of themselves and their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents and employees, expressly denies any and all wrongdoing.

## X.    TOTAL RELIEF

46.    The parties expressly agree that under no circumstances whatsoever shall Defendants be responsible for paying any monies, benefits, costs, expenses, attorneys' fees or expert costs in settlement of the Action other than as expressly provided for in this Agreement. Plaintiffs acknowledge and agree that Plaintiffs' Counsel attorneys' fees and litigation costs and expenses are, subject only to the Court's approval, to be paid out of the Gross Settlement Fund and Plaintiffs' counsel will not seek, either directly or indirectly, any other relief for such fees or costs.

## VIII.    EVIDENTIARY EFFECT OF SETTLEMENT AGREEMENT

47.    Neither this Agreement nor any related documents, negotiations, statements, or court proceedings shall be construed as, received as, used as, or determined to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the party of any person or entity, including but not limited to Defendants and the Released Parties, or as a waiver by Defendants of any applicable defense to the claims asserted or to Plaintiffs' ability to maintain this action as a class or collective Action.

## XI.    CHOICE OF LAW

48.    This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of New York.

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

## XII.   MISCELLANEOUS PROVISIONS

49.     The failure of any party to exercise any rights with respect the terms of this Agreement shall not constitute waiver of the right to the later exercise thereof, except as expressly provided herein.  No delay on the part of any party in exercising any power or right hereunder will operate as a waiver thereof nor will any single or partial exercise of any power or right hereunder preclude other or further exercises thereof or the exercise of any other power or right, except as expressly provided herein.

50.     The parties agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement any other reasonable steps and efforts that may be necessary or appropriate, by court order or otherwise, to carry out the terms and objectives of this Settlement Agreement.

51.     The headings in this Settlement Agreement are solely for the convenience for the reader and shall not affect the meaning or interpretation of this Settlement Agreement.

52.     Each party has cooperated in the drafting and preparation of this Agreement.  In any construction to be made of this Agreement, the same shall not be construed against any party.

53.     The parties agree that this Agreement contains the entire understanding of the parties, that there are no additional promises or terms between the parties other than those contained herein, and that this Agreement shall not be modified except in writing signed by each of the parties.

**[Signatures Page(s) to Follow]**

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

**THE FOREGOING SETTLEMENT IS AGREED AND SO STIPULATED:**

Dated: 12 / 13 / 2019

_____
**Ruth B. Kraft, Esq.**
**Vigorito, Barker, Patterson,**
**Nichols & Porter, LLP**

*Attorneys for Defendant*

Dated: 12 / 13 / 2019

_____
**Benjamin D. Weisenberg, Esq.**
**The Ottinger Firm, P.C.**

*Attorneys for Plaintiff*

Dated: 12 / 13 / 2019

_____
**Qwame Thomas**

*Named Plaintiff and Collective &*
*Class Representative*

Dated: 12 / 14 / 2019

_____
**By:** mitchell mekles
**Role:**
president
*Mekruth Inc. d/b/a Amy Ruth's*
*Restaurant*

Dated: 12 / 14 / 2019

_____
**Mitchell Mekles**

*Individual Defendant*

Dated: 12 / 13 / 2019

_____
**David Mekles**

*Individual Defendant*

26

Doc ID: 3bc54addbf91350ce71d38205c199d135487c310

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement re: Amy Ruth's \| Urgent. |
| **FILE NAME** | Thomas v. Mekruth...reement FINAL.pdf |
| **DOCUMENT ID** | 3bc54addbf91350ce71d38205c199d135487c310 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** | **12 / 13 / 2019** | Sent for signature to Ben Weisenberg
23:12:50 UTC | (ben@weisenbergfirm.com), Ruth B. Kraft
| (R.Kraft@vbpnplaw.com), Qwame Thomas (qkt247@icloud.com),
| Mitchell Mekles (mmekles@aol.com) and David Mekles
| (dmekles@sbcglobal.net) from ben@weisenbergfirm.com
| IP: 173.3.146.11

**VIEWED** | **12 / 13 / 2019** | Viewed by Ben Weisenberg (ben@weisenbergfirm.com)
23:16:37 UTC | IP: 173.3.146.11

**VIEWED** | **12 / 13 / 2019** | Viewed by Ruth B. Kraft (r.kraft@vbpnplaw.com)
23:41:51 UTC | IP: 108.21.71.230

**VIEWED** | **12 / 14 / 2019** | Viewed by David Mekles (dmekles@sbcglobal.net)
00:07:58 UTC | IP: 68.172.224.9

**VIEWED** | **12 / 14 / 2019** | Viewed by Qwame Thomas (qkt247@icloud.com)
01:51:52 UTC | IP: 172.58.235.73

**VIEWED** | **12 / 14 / 2019** | Viewed by Mitchell Mekles (mmekles@aol.com)
14:21:08 UTC | IP: 174.202.20.116

**12 / 13 / 2019** | Signed by Ben Weisenberg (ben@weisenbergfirm.com)
23:16:48 UTC | IP: 173.3.146.11

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement re: Amy Ruth's | Urgent. |
| **FILE NAME** | Thomas v. Mekruth...reement FINAL.pdf |
| **DOCUMENT ID** | 3bc54addbf91350ce71d38205c199d135487c310 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

Document History

SIGNED

---

SIGNED
**12 / 13 / 2019**
23:42:41 UTC
Signed by Ruth B. Kraft (r.kraft@vbpnplaw.com)
IP: 108.21.71.230

---

SIGNED
**12 / 14 / 2019**
00:14:38 UTC
Signed by David Mekles (dmekles@sbcglobal.net)
IP: 68.172.224.9

---

SIGNED
**12 / 14 / 2019**
03:23:24 UTC
Signed by Qwame Thomas (qkt247@icloud.com)
IP: 68.129.232.73

---

SIGNED
**12 / 14 / 2019**
14:28:22 UTC
Signed by Mitchell Mekles (mmekles@aol.com)
IP: 174.202.20.116

---

COMPLETED
**12 / 14 / 2019**
14:28:22 UTC
The document has been completed.