UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2021

Qwame Thomas, individually and on behalf of all others similarly-situated,

           Plaintiffs,

v.

Mekruth Inc. d/b/a Amy Ruth's Restaurant, Mitchell Mekles, David Mekles, in their official and individual capacity, and Does 1-50, inclusive,

           Defendants.

**Civil Action No. 1:19-cv-01566-AJN**

[PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF A CLASS AND COLLECTIVE ACTION SETTLEMENT**

ALISON J. NATHAN, United States District Judge:

This Court, having reviewed the Settlement Agreement entered into by the Parties, in addition to the parties' Joint Letter Motion for Preliminary Approval and supporting documents filed therewith, hereby:

1. **FINDS** that the requirements of Federal Rules of Civil Procedure 23 for certification of a New York Labor Law Class ("NYLL Class") have been satisfied, and therefore CERTIFIES a NYLL Class that includes all hourly, non-exempt employees of Defendants employed at any time from February 21, 2013, through November 15, 2019.

2. **FINDS** that all members of the NYLL Class who do not timely exclude themselves from the Settlement will be bound by its terms if finally approved following the Final Fairness Hearing, including the terms of the Final Judgment and Order to be entered herein and the release provided for in the Settlement Agreement. Members of the NYLL Class who object to the final approval of the Settlement, but do not timely exclude themselves, shall remain members of the NYLL Class and will be bound by the Settlement Agreement if it is approved following the Final Fairness Hearing.

3. **FINDS** that the requirements of 29 U.S.C. § 216(b) for the creation of a Fair Labor Standards Act Collective ("FLSA Collective") have been satisfied, and therefore CERTIFIES a FLSA Collective that includes all hourly, non-exempt employees of Defendants employed at any time from February 21, 2016, through November 15, 2019.

4. **GRANTS** preliminary approval of the Parties' Proposed Settlement Agreement and **FINDS** that the Settlement Agreement is the product of informed, arm's length negotiations by counsel and that the terms are fair, reasonable, and adequate, subject to any objections that may be raised at the Final Fairness Hearing.

5.  **FINDS** that the class and collective notice procedure set forth in the Settlement Agreement satisfies the requirements of state and federal due process and the Fed. R. Civ. P.

6.  **APPROVES** the Parties' proposed Notice and Claim Form. The Court finds that such documents constitute the reasonable and best practicable notice under the circumstances and are in full compliance with applicable law. The Court further finds that the notices fully and accurately inform NYLL Class and FLSA Collective members of all material elements of the Settlement Agreement and each NYLL Class Members' right to be excluded from the Settlement Class, object to the Settlement, and/or appear at the Final Fairness Hearing. The Parties may agree to make non-substantive changes to the Notice without obtaining additional approval or an amended Order from this Court.

7.  **ORDERS** the Parties' chosen Settlement Administrator to disseminate the Parties' proposed Notice and Claim Form ("Notice Packet") to Settlement Class members via U.S. mail within thirty days (30) days of entry of this Order, and otherwise comply with the obligations of the Settlement Administrator as set forth in the Settlement Agreement and exhibits thereto.

8.  **ORDERS** that the deadline for opting out or filing objections shall not be more than sixty (60) days after the date of the mailing of the Notice and Claim Form to members of the NYLL Class and FLSA Collective.

9.  **SCHEDULES** a Final Approval Hearing on <u>June 8, 2021 at 1:00 p.m.</u> in courtroom <u>906</u>, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York for the following purposes:

    a.  to finally determine whether this action satisfies the criteria for class/collective certification set forth in Fed. R. Civ. P. 23(a) and (b) and 29 U.S.C. § 216(b);

    b.  to determine whether the proposed settlement is fair, reasonable, and adequate

PROPOSED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT

and should be granted final approval by this Court;

c. to determine whether a final judgment should be entered dismissing the claims of the NYLL Class and FLSA Collective;

d. to determine Class Counsel's application for its award of attorneys' fees and reimbursement of litigation costs and expenses, and the individual service awards to the Class Representative and certain Opt-in Plaintiffs; and

e. to rule upon such other matters as this Court may deem appropriate.

10. **APPOINTS** Mr. Qwame Thomas as Class Representative for the Class and Collective.

11. **APPOINTS** Benjamin D. Weisenberg, *Esq.*, of The Ottinger Firm, P.C. as Counsel for the NYLL Class and FLSA Collective.

12. **ORDERS** the litigation be stayed pending the final determination of whether the Settlement Agreement should be approved, except those proceedings necessary to implement the Proposed Settlement.

13. **ORDERS** that all briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the Settlement no later than 10 days before the final approval hearing.

**IT IS SO ORDERED.**

Dated: February 23, 2021

By _____
Hon. Alison J. Nathan
District Judge