UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
QWAME THOMAS, individually and on
behalf of others similarly-situated,

        NO. 1:19-CV-01566 -AJN

      Plaintiffs,

    v.

MEKRUTH INC. d/b/a RUTH'S
RESTAURANT, MITCHELL MEKLES,
DAVID MEKLES, in their official and
individual capacity, and DOES 1-50,
inclusive,

      Defendants.

-----------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/21

## [PROPOSED] FINAL ORDER APPROVING SETTLEMENT AND OF DISMISSAL WITH PREJUDICE

The Court, having considered the parties' Settlement Agreement and Release dated December 14, 2019 ("Agreement" or "Settlement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

    1.    Unless otherwise defined herein, all capitalized terms used in this Order (the "FinalOrder") will have the same meaning as defined in the Agreement.

    2.    The Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Opt-In Plaintiffs, the Class Members (collectively the "Plaintiffs"), Mekruth Inc. d/b/a Ruth's Restaurant, Mitchell Mekles, and David Mekles (collectively referred to herein as "Defendants," and collectively with Plaintiffs, the "Parties").

3. The Court finds that the Settlement was the product of arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable, and adequate as to the Parties and the Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

4. The Court finds, for settlement purposes only, that the NYLL Class satisfies the applicable standard for certification under Fed. R. Civ. P. 23 and the FLSA Class satisfies the applicable standard for collective certification under 29 U.S.C. § 216(b).

5. The Court finds that the procedures for notifying the Class Members about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Class Members provided adequate, due, sufficient and valid notice of the Settlement.

6. The service awards of $20,000 for Named Plaintiff/Class Representative Qwame Thomas, $10,000 each for opt-in Plaintiff Donald Stephens, Hakeim Persaud, and Thomas Lucas, and $1,000 each for opt-in Plaintiff Suenly Rijo, Eladio Rodriguez, Fitzroy Young, Dashawn Singleton, Christian De Los Santos, Andre Jones, Juan Martinez, Wander Maria, and Julio Colon, totaling $59,000, are approved to reimburse them for their services in initiating and maintaining this litigation.

7. The Court awards the Claims Administrator its reasonable costs in administering the Settlement, estimated to be $37,000, subject to Class Counsel's review of the Claims Administrator's invoices, to be paid out of the Settlement Fund.

8. The action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs, Opt-In Plaintiffs, and all other Class Members who have not opted out from filing, commencing, prosecuting, or pursuing the claims Released by the Agreement whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

9. The Settlement shall be administered in accordance with the parties' Agreement, except as to attorneys' fees and costs. With respect to attorneys' fees and costs, $500,000 shall be held and set aside by the Claims Administrator for Class Counsel's application for same. Class Counsel's application for attorneys' fees and costs shall be made within a briefing schedule set after the close of the 180-day period for cashing NYLL Class Settlement Payment checks in paragraph 27 of the parties' Agreement.

10. Without affecting the finality of this Final Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

11. This dismissal with prejudice shall constitute a judgment for purposes of Rule 58of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:___August 27_____, 2021

_____
Hon. Alison J. Nathan, U.S.D.J.