```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
QWAME THOMAS, individually and on behalf of all                      :
others similarly situated,                                           :
                                                                     :
                                        Plaintiffs,                  :    19-cv-01566 (LJL)
                                                                     :
                -v-                                                  :    ORDER
                                                                     :
MEKRUTH INC. et al,                                                  :
                                                                     :
                                        Defendants.                  :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2022

LEWIS J. LIMAN, United States District Judge:

     Plaintiff Qwame Thomas moves for approval of an application for attorneys' fees and costs. Dkt. No. 93. The Court previously approved the settlement of this wage and hour class action lawsuit brought under the Fair Labor Standards Act and the New York Labor Law finding that its terms were fair, reasonable, and adequate to the parties and to the class members and was the product of arms-length negotiations between experienced counsel. Dkt. No. 81.[1] The settlement established a Settlement Fund in the amount of $1,500,000 to be paid to the approximately 282 class members as well as for service awards, settlement administration costs, and attorneys' fees and costs. Dkt. No. 74 ¶ 14; Dkt. No. 74-1 ¶¶ 24–25. The terms of the settlement provided that members of the class would have 180 days to cash their settlement checks and that if they did not cash their check by the end of the 180-day period, the check would be void and a stop payment issued, and the remaining value of any uncashed or unclaimed

---

[1] At the time, the Honorable Alison J. Nathan presided. The case was reassigned to the undersigned following Judge Nathan's ascension to the United States Court of Appeals for the Second Circuit.

payment would revert to Defendants. *Id.* ¶ 27. The Court ordered $500,000 from the Settlement Fund to be set aside for attorneys' fees and costs and ordered the parties to brief the reasonableness of the request for costs and fees following the 180-day period under the settlement for cashing class settlement payment checks. Dkt. No. 81 ¶ 9. At the fairness hearing on the settlement, the Court expressed concern that not all of the members of the class would cash the settlement checks they were sent. The Court stated that it was "not opposed necessarily to awarding fees on the full amount [of the settlement] even if some amount is reverted back," but expressed the desire to wait and see how many settlement checks were cashed to determine if the fee request was fair and reasonable. Dkt. No. 94-1 at 11–12; *see also id.* at 16 (Court: "I am not closed to the notion that you should be awarded fees on the full amount even if some amount reverts back, but I want that data point before approval.").[2]

Class counsel now reports that class members have cashed checks amounting to approximately 96% or $670,821.52 of the $698,257.37 net settlement fund, figures reached after deducting federal and state withholdings. Dkt. No. 94 ¶ 4. Of the 283 checks distributed, class members cashed 215 checks, 68 went uncashed and 34 were undeliverable, although 8 of the 34 undeliverable checks were eventually cashed in part as a result of the efforts of Class Counsel who hired an investigator to find contact information for class members who had not cashed checks. *Id.* ¶¶ 5–6. In other words, the acceptance rate falls within the range where Judge Nathan indicated she was prepared to approve the fee award.

Class counsel asks that the Court approve counsel's fees and costs in the amount of $500,000. Dkt. No. 95. That figure constitutes 1/3 of the gross settlement amount and represents a 2.44 multiplier off of a lodestar of $204,635. *Id.*

---

[2] The Court cites to the pages of the transcript.

The Court has considered the application under the factors set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  The request satisfies those factors.  Experienced counsel expended significant time on a case that carried risk and achieved a very good result for the class and the fee is reasonable and within the range approved by courts in this District.  The request for fees and costs of $500,000 accordingly is approved.

SO ORDERED.

Dated: October 10, 2022
      New York, New York

                                            LEWIS J. LIMAN
                                       United States District Judge